ROBERT J. BENNETT, Appellant, v MASSACHUSETTS CASUALTY INSURANCE COMPANY, Respondent. — Order unanimously reversed, on the law, with costs, and plaintiff's motion granted. Memorandum: Plaintiff appeals from a Special Term order which denied his motion for summary judgment and, although there was no cross motion, directed summary judgment in favor of defendant pursuant to CPLR 3212 (b) dismissing plaintiff's complaint. In 1974, plaintiff procured a disability benefits insurance policy from defendant Massachusetts Casualty Insurance Company (Mass. Casualty). The policy provided for the payment of benefits in the amount of $600 per month, for a maximum period of 30 months, in the event of a total disability due to sickness. Thereafter, plaintiff developed a disabling condition in his right shoulder which required surgery in April 1980. He applied for and received benefits for this condition for the 30-month period commencing in March 1980 and terminating in June 1983. Sometime after incurring this shoulder disability, but during the period when those benefits were being paid, plaintiff developed a meralgia paresthetica in his left thigh. This condition was verified after a physical examination conducted by a physician on behalf of Mass. Casualty. In his opinion, the meralgia paresthetica in plaintiff's left thigh was totally incapacitating. Plaintiff filed a new claim for disability benefits maintaining that the problem in his left thigh was a new and unrelated disabling illness. Defendant informed plaintiff that he could not collect disability benefits for his thigh problem until his benefits for the shoulder condition had been exhausted. In July 1983, after his shoulder disability benefits expired, plaintiff filed a statement from his doctor certifying that he continued to be disabled because of the meralgia paresthetica and requested that a new period of disability benefits be paid for this separate disabling condition. Mass. Casualty refused plaintiff's claim for further benefits maintaining that part I (A) of the policy provides that: "Under no circumstances shall the Insured be considered to be suffering from or entitled to benefits for two or more disabilities concurrently." Plaintiff then instituted this action to recover benefits for the meralgia par-

esthetica condition and, after joinder of issue, moved for summary judgment.

In support of his motion for summary judgment, plaintiff asserted that there are no questions of fact as part V (C) of the policy clearly provides that: "If the cause or causes of a subsequent period of total disability are unrelated to the cause or causes of the previous period of total disability for which monthly benefits have been paid under this Policy, said subsequent period shall be regarded as a new period of total disability with benefits payable in the amounts and for the periods specified in the Policy Schedule." Special Term, however, agreed with the position of Mass. Casualty that under part I (A), plaintiff was not entitled to benefits for disabilities which were suffered concurrently. We disagree. The language of part I (A) of the policy relied upon by Special Term is intended to prevent an insured from collecting double benefits for two disabilities at the same time. It does not prohibit an insured who has exhausted his benefits as a result of one disabling condition from collecting benefits based upon a different and subsequent disabling condition that continues to disable the insured after his prior period of benefits has been exhausted. Mass. Casualty's reliance on part V (A) and (B) is equally unconvincing since those paragraphs refer to a continuation of benefits or a new benefit period for the "same cause or causes" of disability. Only paragraphs (A) and (B) speak about the insured resuming his regular or gainful employment. Paragraph (C), dealing with unrelated causes of disability, has no such proviso. It is undisputed that plaintiff's thigh condition is a disabling condition that occurred after plaintiff's shoulder surgery and was unrelated to the prior shoulder condition. Thus there are no issues of fact which preclude benefits to be paid pursuant to part V (C) of the policy. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.