2000 ND 55

**Terry ZIEGELMANN, Plaintiff and Appellant,**

v.

**TMG LIFE INSURANCE COMPANY, Defendant and Appellee.**

No. 990365.

Supreme Court of North Dakota.

March 21, 2000.

Kim E. Brust, of Conmy, Feste, Hubbard, Corwin & Brust, Ltd., for plaintiff and appellant.

Craig R. Campbell, of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for defendant and appellee.

MARING, Justice.

[¶ 1] Terry Ziegelmann appealed from a summary judgment dismissing his action against TMG Life Insurance Company ("TMG"), claiming breach of contract and seeking additional disability benefits under an insurance policy. We hold, as a matter of law, Ziegelmann was not entitled to additional disability benefits under the policy, and we affirm the summary judgment.

## I

[¶ 2] In 1979 Ziegelmann purchased a whole life insurance policy from TMG. It included a disability rider providing that if Ziegelmann became disabled he would receive $1,000 per month for a period not to exceed five years and, in addition, the policy premium would be waived for the entire period of the disability.

[¶ 3] In 1991 Ziegelmann filed a claim with TMG for disability benefits and waiver of premium, asserting he was disabled by an eye condition. TMG accepted the claim and paid monthly benefits under the policy for five years from April 1991 to April 1996. The company also waived Ziegelmann's premiums and, because the eye condition continues to exist, the premium waiver is still in effect.

[¶ 4] In 1998 Ziegelmann filed a second claim for disability benefits under the policy, asserting he had developed a disabling back condition, unrelated to his eye condition. TMG denied the claim, and Ziegelmann filed an action in district court, claiming TMG breached its insurance contract and requesting the court to declare TMG owes Ziegelmann additional disability benefits for the back condition. The parties filed cross motions for summary judgment. The trial court, construing relevant provisions of the contract, determined Ziegelmann was not entitled to additional benefits under the policy and ordered dismissal of his claim. Summary judgment was entered and Ziegelmann appealed.

## II

[¶ 5] Summary judgment is appropriate if the only issues to be resolved are questions of law. *Dundee Mut. Ins. Co. v. Marifjeren*, 1998 ND 222, ¶ 8, 587 N.W.2d 191. Interpretation of an insurance policy, including whether it is ambiguous, is a question of law which is fully reviewable on appeal. *Id.* The relevant parts of the disability rider under Ziegelmann's life insurance policy with TMG provide:

> *TOTAL DISABILITY* means the complete inability of the Insured to engage in his regular occupation.
>
> . . . .
>
> *MONTHLY INDEMNITY.* If the Insured shall suffer total disability due to "injury" or "sickness". . . the Company will pay the Monthly Indemnity during the continuance of such total disability . . . for a period not to exceed five years. . . .
>
> . . . .
>
> *RECURRENT DISABILITIES*
>
> . . . .
>
> *C. NEW BENEFIT PERIOD FOR UNRELATED CAUSE OR CAUSES.* A subsequent period of disability shall be regarded as a new period of total disability if it is the result of a new, unrelated cause or causes, and monthly benefits have been paid under the previous period of disability. Benefits are payable in the amounts and for the period specified on the Policy Specifications Page and for the period specified above.

The policy language clearly provides that if a "subsequent period of disability" is the result of a cause unrelated to a previous disability, the subsequent period of disability is regarded as a "new period of total disability" for which the insured is entitled to additional disability benefits. Ziegelmann argues his disabling back condition is a new and unrelated cause of his inability to work, which entitles him under part (C) to another five-year period of benefit payments. TMG argues Ziegelmann is not entitled to additional benefits under part

(C) because his disability from the eye condition has been continuous and uninterrupted and, therefore, Ziegelmann's back condition has not resulted in a "subsequent period of disability."

■■■ [¶ 6] Our goal when interpreting insurance policies, as when construing other contracts, is to give effect to the mutual intention of the parties as it existed at the time of contracting. N.D.C.C. § 9–07–03; *Northwest G.F. Mut. Ins. Co. v. Norgard,* 518 N.W.2d 179, 181 (N.D.1994). We look first to the language of the insurance contract, and if the policy language is clear on its face, there is no room for construction. *Martin v. Allianz Life Ins. Co.,* 1998 ND 8, ¶ 9, 573 N.W.2d 823. "If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract." *Id.* While we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage. *Northwest,* 518 N.W.2d at 181. We will not strain the definition of an undefined term to provide coverage for the insured. *Martin,* 1998 ND 8, ¶ 9, 573 N.W.2d 823. We construe insurance contracts as a whole to give meaning and effect to each clause, if possible. *Nodak Mut. Ins. Co. v. Heim,* 1997 ND 36, ¶ 15, 559 N.W.2d 846. The whole of a contract is to be taken together to give effect to every part, and each clause is to help interpret the others. N.D.C.C. § 9–07–06.

■■ [¶ 7] TMG asserts there cannot be a subsequent period of disability when the initial disability has been continuous and uninterrupted. TMG argues the previous disability must have ceased and the insured have regained the ability to engage in his occupation before the insured can incur a "subsequent period of disability" from another cause which would entitle him to additional disability benefits under the policy. The policy does not define the phrase "subsequent period of disability," but that phrase is used in the policy under paragraphs (A) and (B) of the Recurrent

Disabilities section, and its intended meaning can be gleaned from its usage in those paragraphs:

*RECURRENT DISABILITIES*

*A. CONTINUATION OF BENEFIT PERIOD FOR SAME CAUSE OR CAUSES. If, following a period of total disability* for which monthly benefits have been paid under this rider, the Insured has been wholly able to engage in his regular or any gainful occupation for a continuous period of less than six consecutive months, *a subsequent period of total disability* from the same cause or causes occurring while this rider is in force shall be regarded as a continuation of the previous period of total disability and benefits shall be payable commencing on the first day of such total disability for the unused portion of such previous benefit period.

*B. NEW BENEFIT PERIOD ·FOR SAME CAUSE OR CAUSES. If, following a period of total disability* for which monthly benefits have been paid under this rider, the Insured has been wholly able to engage in his regular or any gainful occupation for a continuous period of six consecutive months or more, *any subsequent period of total disability* from the same cause or causes occurring while this rider is in force shall be regarded as a new period of total disability with benefits payable in the amounts and for the period specified on the Policy Specifications Page and for the period specified above.

(Emphasis added.) In the context of the foregoing paragraphs, the phrase "subsequent period of total disability" means a period of time following a prior period of total disability which ended by the insured's ability to engage in his occupational work. Using its plain, ordinary meaning the phrase "subsequent period of disability" has the same meaning in paragraph (C). The insured can incur a subsequent period of disability only when the disability follows a prior disability which has ended by the insured being able to return to work. *See Pennsylvania Life Ins. Co. v. Green,* 367 So.2d 463, 466 (Ala.

Civ.App.1978) (holding an accident and sickness insurance policy did not authorize additional disability benefits and concluding there must be a cessation of disability before there can exist a successive or subsequent period of disability).

[¶ 8] Ziegelmann does not dispute that he remains disabled by his eye condition, which has been continuous and uninterrupted since 1991. In addition to receiving five years of monthly benefit payments for his disability, Ziegelmann has received and continues to receive a waiver of policy premiums. Construing the policy as a whole, we conclude Ziegelmann was only entitled to a new period of benefits for a subsequent unrelated cause of disability upon cessation of the prior cause or causes of disability for which he received benefits under the policy. A subsequent unrelated cause can result in a new disability period only when and if the previous cause of disability has ceased. Only then is the insured entitled under the policy to a new period of disability benefits.

[¶ 9] In support of his interpretation of the insurance policy, Ziegelmann cites a decision of the appellate division of the New York Supreme Court in *Bennett v. Massachusetts Cas. Ins. Co.*, 109 A.D.2d 1079, 487 N.Y.S.2d 182, 184 (4th Dept. 1985), construing nearly identical contract language. In *Bennett*, the insured suffered a disabling condition in his right shoulder for which he required surgery. When the benefits terminated for his shoulder condition, the insured filed a claim for additional benefits with a doctor certification he continued to be disabled because of a thigh condition. The New York appellate court concluded the insured was entitled to additional disability benefits because his "thigh condition is a disabling condition that occurred after [his] shoulder surgery and was unrelated to the prior shoulder condition." *Id.*

[¶ 10] The *Bennett* opinion does not clearly indicate whether the insured's disability from his shoulder condition had ceased, leaving the insured disabled only because of the thigh condition. If the insured in *Bennett* was no longer disabled by the prior shoulder condition when he sought benefits for his disabling thigh condition the case is distinguishable and does not support Ziegelmann's position. Assuming the circumstances are similar, we find the *Bennett* decision unpersuasive. The court in *Bennett* does not cite any case authority for its interpretation of the policy nor does it refer to any rules of contract interpretation upon which its decision is based.

III

[¶ 11] We hold an insured under the TMG policy is entitled to a new period of benefit payments for a subsequent disability resulting from an unrelated cause only if the previous cause of disability has ceased. We further hold, as a matter of law, Ziegelmann was not entitled to additional disability benefits under the policy and the trial court properly granted TMG's motion for summary judgment dismissing Ziegelmann's action.

[¶ 12] Judgment affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.