2001 ND 186

**FORTIS BENEFITS INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**Ann M. HAUER, Defendant and Appellant.**

**No. 20010052.**

Supreme Court of North Dakota.

Dec. 5, 2001.

R. Kent Sellers (argued), Richard N. Bien (on brief), Lathrop & Gage L.C., Kansas City, MO, and Dennis William Lindquist (appeared), Mandan, ND, for plaintiff and appellee.

Arnold V. Fleck, Fleck Law Office, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ann Hauer appeals from a summary judgment ordering her to repay disability benefits to Fortis Benefits Insur-

ance Company ("Fortis"). We affirm, concluding the district court correctly determined Hauer's disability benefits received from Social Security and the North Dakota Teachers' Fund for Retirement may be offset against the disability benefits available from Fortis.

## I

[¶ 2] Hauer was employed as a teacher by the Bismarck Public School District. In 1993 she became permanently and totally disabled. In May 1993 Hauer began receiving monthly disability benefits of $1,861 from Fortis under a group policy which provided long-term disability benefits to employees of the School District.

[¶ 3] In February 1994, Hauer began receiving approximately $1,029 per month in Social Security disability benefits. She also received a lump sum payment for Social Security disability benefits retroactive to June 1993. Fortis began offsetting the monthly Social Security benefits against Hauer's monthly benefits under the long-term disability policy, thereby lowering her monthly benefits to $832. Fortis also requested that Hauer repay it for overpayments represented by the Social Security lump sum payment. Hauer repaid that amount to Fortis.

[¶ 4] In April 1995 Hauer began receiving approximately $1,076 per month in disability benefits from the North Dakota Teachers' Fund for Retirement ("Teachers' Fund"). Hauer also received from the Teachers' Fund a lump sum payment of disability benefits retroactive to November 1993. In May 1997 Fortis learned Hauer was receiving disability benefits from the Teachers' Fund. Fortis thereafter discontinued paying benefits to Hauer, claiming Hauer's monthly benefits from Social Security and the Teachers' Fund totally offset her benefits due from Fortis. Based upon Hauer's lump sum payment from the Teachers' Fund, Fortis also requested that Hauer repay $33,213 it claimed it had overpaid her between November 1993 and May 1997.[1]

[¶ 5] Hauer refused to repay Fortis, and Fortis brought this action seeking to recover the claimed overpayments. Hauer answered and filed a counterclaim alleging Fortis had improperly offset benefits due her under the policy. Fortis moved for summary judgment, and Hauer filed a cross-motion for summary judgment. The district court determined the Fortis disability policy allowed an offset of the disability benefits received from Social Security and the Teachers' Fund. Summary judgment ordering Hauer to repay benefits was entered, and Hauer appealed.[2]

## II

[¶ 6] Resolution of this appeal turns upon interpretation of the policy provisions allowing offsetting of other disability benefits to reduce the monthly benefits due from Fortis.

---

1. Although the policy provided a $50 minimum monthly benefit, that minimum benefit did not apply during any period there was an overpayment being repaid.

2. We note the summary judgment did not explicitly state Hauer's counterclaim was dismissed. It was clearly the district court's intent, however, to dispose of the entire case. Fortis's motion, which the court granted, sought judgment on Fortis's claims and dismissal of Hauer's counterclaim. Furthermore, the court's determination on the merits that Fortis was entitled to offset the Social Security and Teachers' Fund benefits wholly resolved Hauer's counterclaim, which was based entirely upon her allegation those benefits should not be offset. Under these circumstances, the summary judgment disposes of the counterclaim and constitutes a final judgment on all claims presented. Accordingly there is no jurisdictional problem under N.D.R.Civ.P. 54(b).

### A

[¶ 7]    Before considering offsets, Hauer was entitled to collect the "Schedule Amount" of $1,861 monthly in disability benefits under the policy.  The policy provided that an "Offset Amount" would be deducted from the monthly "Schedule Amount":

> *Offset Amount* The Offset Amount is the sum of payments and benefits from the following sources paid or due the Person Insured.  This sum will be determined for each month (or lesser period) for which a Long Term Disability Insurance benefit is paid.  The Schedule Amount is directly reduced by this sum.

> *Sources of the Offset Amount*

> 1. Periodic benefits designed to replace income lost because of disability that are paid or due the Person Insured from:

> . . . .

> (d) the United States Social Security Act including benefits payable to the Person Insured on behalf of his or her dependents because of the Injury, sickness, or pregnancy of the Person Insured. . . .

> (e) any Governmental Plan other than Social Security.

> 2. Retirement benefits, disability benefits, or periodic benefits in the nature of such benefits that are paid or due from a Policyholder–Sponsored Retirement Plan.  Benefits which represent the Person Insured's contributions will not be considered.

[¶ 8]    The policy also allows Fortis to demand repayment if it has overpaid benefits to the insured:

> If after having made one or more payments under This Coverage, We find that the amount of benefits or payments from other sources that We should have considered in computing the amount of such payment(s) is greater or less than what was actually considered, We will make an adjustment as follows:

> . . . .

> 2. If We have overpaid benefits, the overpayment must be refunded to Us by or on behalf of the Person Insured.  We may, at Our option, reduce or eliminate future payments instead of requiring repayment in one sum.  The Minimum Benefit will not apply during the period the overpayment is being repaid.

[¶ 9]    Fortis argues that Hauer's Social Security disability benefits are to be fully offset under section 1(d) of the offset provisions, and that Hauer's Teachers' Fund disability benefits are fully offset as a "Governmental Plan" under section 1(e).  Hauer argues both the Social Security and Teachers' Fund benefits are benefits paid from a "Policyholder–Sponsored Retirement Plan" under section 2 of the offset provisions.  Because she paid one-half of the contributions into Social Security and the Teachers' Fund, Hauer argues Fortis may only offset the one-half of those benefits which represent her employer's contributions, but not the one-half which represent her contributions.

[¶ 10]    The Fortis policy defines the relevant terms:

> "Governmental Plan" means the United States Social Security Act, the Railroad Retirement Act, the Canadian Pension Plan, any plan provided under the laws of a state, province, or other political subdivision, including any public employee retirement plan or *any teachers' employment retirement plan,* or any plan provided as an alternative to such acts or plans.  [Emphasis added].

> "Policyholder–Sponsored" means that the Policyholder (or an Associated Com-

pany) pays, directly or indirectly, all or a portion of the cost.

"Retirement Plan" means a formal or informal benefit plan or arrangement that provides retirement benefits, whether or not under an insurance or annuity contract. It does not include:

(1) a plan paid for entirely by the employee,

(2) a profit-sharing plan,

(3) a thrift plan,

(4) an individual retirement account (IRA)

(5) a tax sheltered annuity (TSA)

(6) a stock ownership plan, or

(7) a deferred compensation plan.

## B

[¶ 11] Summary judgment is appropriate if the only issues to be resolved are questions of law. *Rask v. Nodak Mut. Ins. Co.*, 2001 ND 94, ¶ 10, 626 N.W.2d 693; *Ziegelmann v. TMG Life Ins. Co.*, 2000 ND 55, ¶ 5, 607 N.W.2d 898. Interpretation of an insurance policy is a question of law, which is fully reviewable on appeal. *Rask*, at ¶ 10; *Center Mut. Ins. Co. v. Thompson*, 2000 ND 192, ¶ 14, 618 N.W.2d 505. We review a trial court's interpretation of an insurance policy by independently examining and construing the policy. *Rask*, at ¶ 10; *DeCoteau v. Nodak Mut. Ins. Co.*, 2000 ND 3, ¶ 19, 603 N.W.2d 906.

[¶ 12] Our goal when interpreting insurance policies, as when construing other contracts, is to give effect to the mutual intention of the parties as it existed at the time of contracting. N.D.C.C. § 9–07–03; *Ziegelmann*, 2000 ND 55, ¶ 6, 607 N.W.2d 898. We look for that mutual intention first in the language of the insurance contract itself, and, if the policy language is clear on its face, there is no room for construction. *Rask*, 2001 ND 94, ¶ 10,

626 N.W.2d 693; *DeCoteau*, 2000 ND 3, ¶ 19, 603 N.W.2d 906. Although we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability upon an insurer if the policy unambiguously precludes coverage. *Ziegelmann*, at ¶ 6. When the language of an insurance policy is clear and explicit, the language should not be strained in order to impose liability upon the insurer. *Id.; Fisher v. American Family Mut. Ins. Co.*, 1998 ND 109, ¶ 6, 579 N.W.2d 599.

## C

[¶ 13] The language of the Fortis policy clearly and unambiguously provides that Social Security disability benefits may be fully offset against the Schedule Amount. Section 1(d) of the offset provisions explicitly provides for offset of disability benefits received by the insured from "the United States Social Security Act." Hauer's Social Security disability benefits are clearly and unambiguously covered by that provision.

[¶ 14] Hauer attempts to argue the Social Security benefits may fall within the definition of a Policyholder–Sponsored Retirement Plan, and therefore only one-half of those benefits should be offset. However, when the policy language clearly and explicitly provides for full offset of Social Security disability benefits, we will not strain the language of the policy to impose liability upon the insurer. *See Ziegelmann*, 2000 ND 55, ¶ 6, 607 N.W.2d 898; *Fisher*, 1998 ND 109, ¶ 6, 579 N.W.2d 599.

[¶ 15] We conclude the district court did not err in determining Hauer's Social Security disability benefits should be offset in full against the Schedule Amount under the policy.

## D

[¶ 16] We also conclude Hauer's Teachers' Fund disability benefits may be fully offset against the Schedule Amount. Section 1(d) of the offset provisions explicitly provides for full offset of all disability benefits received by the insured from "any Governmental Plan." The policy further provides that "any teachers' employment retirement plan" is a "Governmental Plan." This language is clear and unambiguous, and allows full offset of Hauer's Teachers' Fund disability benefits.

[¶ 17] Hauer asserts the Teachers' Fund benefits fall within the definition of a Policyholder–Sponsored Retirement Plan. Again, we will not strain the language of the policy to impose liability upon the insurer when the policy language is clear and unambiguous on its face. Furthermore, it is a well-accepted rule of contract interpretation that when a conflict exists between a specific provision and a general provision in a contract, the specific provision ordinarily prevails over the general provision. *See Oakes Farming Ass'n v. Martinson Bros.*, 318 N.W.2d 897, 908 (N.D.1982); Restatement (Second) of Contracts § 203(c) (1981); 5 Margaret N. Kniffen, *Corbin on Contracts* § 24.23 (rev. ed.1998); 11 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 32.10 (4th ed.1999); *see also* N.D.C.C. § 31–11–05(25) ("Particular expressions qualify those which are general"). The rationale for this rule of construction is explained in comment e to § 203 of the Restatement:

e.   General and specific terms. People commonly use general language without a clear consciousness of its full scope and without awareness that an exception should be made. Attention and understanding are likely to be in better focus when language is specific or exact, and in case of conflict the specific or exact term is more likely to express the meaning of the parties with respect to the situation than the general language.

Here, a "teachers' employment retirement plan" is specifically designated to be a "Governmental Plan" under the policy.

[¶ 18] We conclude the district court did not err in determining Hauer's Teachers' Fund disability benefits may be offset in full against the Schedule Amount under the policy.

## III

[¶ 19] We have considered the remaining issues raised by Hauer and find them to be without merit. The summary judgment is affirmed.

[¶ 20]   GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.