**AMERICAN HARDWARE MUTUAL INSURANCE CO., a corporation, Plaintiff and Appellee,**

v.

**DAIRYLAND INSURANCE COMPANY, a corporation, Defendant and Appellant,**

and

**Emil Rychart, Mary Rychart, Emil Rychart as Natural Parent and Guardian of Mary Rychart, and Emil Rychart as Personal Representative of the Estate of Margaret Rychart, Deceased, and Auto Owners Insurance Company, a corporation, Defendants and Appellees.**

**Civ. No. 9868.**

Supreme Court of North Dakota.

April 23, 1981.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for plaintiff and appellee; argued by Jay H. Fiedler, Grand Forks.

O'Grady & Morley, Grand Forks, for defendant and appellant; argued by Michael J. Morley.

Pearce, Anderson & Durick, Bismarck, for Rydell Chevrolet and Reid Siewert.

Massee & Leonard, East Grand Forks, Minn., for Emil and Mary Rychart; argued by Donald H. Leonard, East Grand Forks, Minn.

Dosland, Dosland & Nordhougen, Moorhead, Minn., for Auto Owners Insurance.

Haugland & Heustis, Devils Lake, for Reid M. Siewert.

PEDERSON, Justice.

This is an appeal by Dairyland Insurance Company from a district court declaratory judgment. The case involves a dispute between American Hardware Mutual Insurance Company and Dairyland as to which company is obliged to defend Mary Rychart and her parent and guardian Emil Rychart in a separate negligence action. The court held that both American Hardware and Dairyland were obliged to defend. The court held further that in the event Mary Rychart was found negligent and liable, Dairyland was primarily responsible for coverage. The court declared, however, that if it was determined at trial that Dairyland was not obliged to provide coverage, American Hardware would be so obliged, up to the financial responsibility limit contained in § 39–16.1–02, NDCC. We reverse and remand.

The facts appear largely undisputed. On December 7, 1976, 16-year old Mary Rychart with her mother Margaret went to Rydell Chevrolet Company in Grand Forks, North Dakota. Mary selected a car to test drive and was accompanied by her mother and Reid Siewert, a Rydell salesman. The car, owned by Rydell, was insured at the time under an automobile dealer's insurance policy issued to Rydell by American Hardware. While Mary was driving she had an accident in which Margaret Rychart was killed and Reid Siewert was injured. Mr. Siewert subsequently sued Mary Rychart and her father Emil. In the complaint it was alleged that Mary had acted as the agent of Emil.

Emil Rychart was the named insured in a Dairyland automobile liability insurance policy which was in effect at the time of the accident. When served with the complaint, Mr. Rychart turned the matter over to Dairyland. Dairyland, believing that its contract with Mr. Rychart excluded any duty on its part in this instance, declined to defend the action. Instead, it tendered the case to Rydell's garage liability insurer, American Hardware. American Hardware too disclaimed any contractual duty to Mary and Emil Rychart. A declaratory judgment action was then commenced, pursuant to Rule 57, NDRCivP, and Chapter 32–23, NDCC, by American Hardware against Dairyland, the Rycharts and others to determine respective rights and duties.

The district court heard the case without a jury. The judgment was accompanied by a memorandum decision; there were no

specific findings of fact or conclusions of law.

Review of a judgment declaratory in nature is carried out under the same standards of review used in any other case. Section 32–23–07, NDCC. The construction given a written contract represents a conclusion of law. *Olson v. Peterson*, 288 N.W.2d 294, 296 (N.D.1980). Conclusions of law are fully reviewable. *Selland v. Fargo Public Sch. Dist. No. 1*, 302 N.W.2d 391, 394 (N.D.1981). Finally, the parties have made certain stipulations as to choice of law. Emil Rychart is a resident of Minnesota and his insurance contract with Dairyland was transacted in Minnesota. Therefore, Minnesota law was chosen to determine Dairyland's obligations. Because American Hardware insures a North Dakota corporation, Rydell, North Dakota law was chosen to govern American Hardware's obligations.[1]

Dairyland attacks the court's ruling that Mary Rychart is an insured under Emil Rychart's policy. Because the car Mary was driving did not belong to Mr. Rychart and was not specifically named in his Dairyland policy, the court consulted Section V of the policy entitled "Use of Other Automobiles."

"V Use of Other Automobiles

If the named Insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B and C, with respect to said automobile applies with respect to any private passenger automobile subject to the following provisions:

(a) Under coverages A and B the word 'insured' includes (1) the named Insured and spouse provided his actual operation is with the permission of the owner and is within the scope of such permission, and (2) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured (a)(1) above."

The court inferred from Section V(a)(2) that an *agent* of the named insured was an insured when driving a vehicle not specifically named in the policy. Siewert, the injured Rydell employee, did allege an agency relationship between Mary and her father. Noting that under Minnesota law[2] an insurer's obligation to defend is determined by a plaintiff's allegation and the policy's provisions, the court held that Dairyland must defend Mary as a potential insured in the Siewert action.

We have been directed to the case of *Farm Bur. Mut. Ins. Co. v. Milbank Mut.*, 284 N.W.2d 180 (Minn.1979), as authority governing construction of Section V(a)(2) in the Dairyland policy. Application of the *Farm Bureau Mutual* holding to the instant case would appear to require affirmance of the district court's decision that Mary Rychart is an insured under Section V(a)(2). A review of *Farm Bureau Mutual*, however, reveals the wording of the non-owned vehicle provision in that case was significantly different from Section V(a)(2), and the Minnesota court's interpretation of the provision appears predicated on the presence of specific terms not used in the Dairyland policy. We decline, therefore, to treat *Farm Bureau Mutual* as dispositive of the instant case.

Section V(a)(2) insures a person "not owning or hiring the automobile" if an act or omission by the named insured or spouse could make that person liable. In his complaint Siewert alleges no negligent act or omission on the part of Emil Rychart; in-

---

1. Parties may stipulate as to choice of law. Section 187, Restatement Second, *Conflict of Laws* (1971). However, the fact that Minnesota law is used to ascertain the obligations of a party to the action does not affect the validity of the stated principles of appellate review. The court's procedural rules remain in effect even though foreign law is to govern resolution of substantive issues. Section 122, Restatement, Second, *supra*.

2. *Republic Vanguard Insurance Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973).

stead, he alleges that Mary Rychart was negligent and that she was an agent of Emil Rychart.

Of course, responsibility for an agent's act or omission is imputable to his principal. *Norby v. Banker's Life Co. of Des Moines, Iowa,* 304 Minn. 464, 231 N.W.2d 665 (1975). However, if this line of reasoning is pursued, the result is absurd and unacceptable. The liability for Mary's alleged negligence, if imputable to Mr. Rychart, must then, according to Section V(a)(2), be conveyed back to Mary. There are problems with this process. First, it is only the agent's *liability,* not acts or omissions *per se,* which "transfer" to the principal. Second, were we to assume that Mr. Rychart somehow performed the alleged negligent acts, we must consider if the acts of a parent can ever result in a minor child's liability. None of the parties has submitted Minnesota authority supporting such a novel proposition. More generally, if we assume as alleged that Mary was Mr. Rychart's agent, it still must be explained how a principal's act or omission can make an agent liable. Ordinarily it is the other way around. We conclude that the court erred in its determination that Mary Rychart is a potential insured under Emil Rychart's policy with Dairyland.[3]

■ The remainder of the district court's decision stands. Only Dairyland appealed, and in light of this opinion has no standing to contest the nature and extent of American Hardware's obligation to the Rycharts. The parties who could properly have appealed from this determination have not done so. Pursuant to the court's ruling, the exoneration of Dairyland from a duty to defend and provide coverage makes American Hardware solely liable up to the limit set forth in the court's memorandum.[4] Dairy-

land is exonerated from liability, imposed by the district court, for the Rycharts' expenses resulting from Dairyland's failure to defend thus far in the Siewert action. The failure to defend was American Hardware's, and so too is the responsibility for expenses incurred by the Rycharts.

Reversed and remanded.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

---

**3.** While Section V(a)(2) is sufficiently unambiguous to allow a determination in favor of Dairyland in the instant case, it is not a model of clarity. No issue over ambiguity has been properly raised before this court, nor did the district court premise its decision on purported ambiguity in Section V(a)(2).

**4.** The following is quoted from the district court's memorandum: "Dairyland at present is

the primary insurer of Mary Rychart, and Emil Rychart. If it is later determined that Dairyland does not have an obligation to provide coverage for Mary and Emil Rychart, American Hardware has an obligation to provide coverage up to the applicable financial responsibility limits as delineated by N.D.C.C. 39–16.1–02 in 1976."