Jerome **HEITKAMP** and Richard Paul Heitkamp, Plaintiffs and Appellees,

v.

**MILBANK MUTUAL INSURANCE COMPANY** and LeRoy Hout, Defendants and Appellants.

Civ. No. 11005.

Supreme Court of North Dakota.

March 19, 1986.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiff and appellee Jerome Heitkamp; argued by John D. Kelly.

Smith & Strege, Wahpeton, for plaintiff and appellee Richard Paul Heitkamp; appearance by R.E.T. Smith.

Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for defendant and appellant Milbank Mut. Ins. Co.; argued by Wickham Corwin.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for defendant and appellant LeRoy Hout; argued by Gerald J. Haga.

GIERKE, Justice.

The defendants, Milbank Mutual Insurance Company (Milbank) and LeRoy Hout, have filed separate appeals from an amended judgment, dated May 17, 1985, of the District Court of Richland County. We affirm.

During January 1981, Richard Heitkamp was involved in an accident while driving a 1973 Chevrolet pickup owned by his father, Jerome Heitkamp. The driver of the other vehicle, Arlyn Staroba, was killed, and his wife, Carol, brought a wrongful death action against Richard and Jerome. Following a jury trial, judgment was entered against Jerome and Richard for damages of approximately $300,000. A more detailed account of the 1981 accident and the Staroba lawsuit is provided in *Staroba v. Heitkamp*, 338 N.W.2d 640 (N.D.1983); further elaboration of those matters is unnecessary to the resolution of the issues in this case.

At the time of the accident, Jerome's pickup was insured under an automobile insurance policy issued by Milbank with liability limits of $50,000 per person and $100,000 per incident. At that time, Jerome also carried a farm liability insurance policy issued by Milbank with a $300,000 liability coverage limit. Milbank denied coverage under the farm policy but conceded that the accident was covered by the automobile insurance policy. Milbank retained counsel to represent Richard and Jerome in all aspects of the Staroba action against them, and Milbank paid the $100,000 limit of the automobile policy toward the resulting adverse judgment. The outstanding balance owed by Jerome and Richard on the Staroba judgment following Milbank's payment is the amount of $229,129 plus accrued interest.

Jerome and Richard subsequently brought this action seeking full indemnity from Milbank for the judgment against them in the Staroba action. In support of their request for full indemnity, Richard and Jerome asserted that the 1981 accident was covered under the farm liability policy. In a separate count alleging negligence, Richard and Jerome sought indemnity on the grounds that Milbank's agent, LeRoy Hout, misrepresented the coverage which was afforded under the farm liability policy and that Milbank and Hout negligently failed to inform Jerome that the liability coverage under his automobile insurance policy was inadequate and that additional coverage might be available to him upon request.

The case was tried before a jury, which returned a special verdict finding liability against Milbank under the farm liability policy upon the Heitkamps' contract theory of recovery. The jury also found liability against Milbank and Hout on the negligence theories of failure to advise Jerome as to the adequacy of his automobile liability insurance coverage and of negligent misrepresentation of the coverage afforded by the farm liability policy.

Based upon the jury's verdict, the district court entered a judgment awarding Jerome and Richard full indemnity against Milbank under the farm liability insurance policy for the Staroba judgment in the amount of $244,529.47. As an alternative judgment, "in the event that the decision of the jury and the court" regarding Milbank's liability under the farm liability policy "should be set aside for any reason," the court awarded Jerome and Richard indemnity against Milbank and Hout on the negligence theories of recovery. Milbank and Hout have filed separate appeals from the judgment.

The trial court determined that the farm liability policy was ambiguous as to whether the 1973 Chevrolet pickup was covered

under its provisions. Thus, the court allowed the parties to introduce extrinsic evidence with regard to intent and submitted the coverage issue to the jury. In its special verdict, the jury determined that, based upon the language of the policy together with representations made by Hout, the policy did provide coverage of the pickup for the 1981 accident. On appeal, Milbank asserts that the policy unambiguously excludes coverage of the pickup and that the trial court erred in submitting the issue to the jury.

> The farm liability policy provided that: "[Milbank] agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence."

The policy further provided, however, that liability coverage did not apply:

> "to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
>
> &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
>
> (2) any motor vehicle owned or operated by, or rented or loaned to any Insured; . . ."

The policy defines the term "motor vehicle" as follows:

> "3. 'motor vehicle' means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) *but does not include*, except while being towed by or carried on a motor vehicle, *any of the following:* utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, *farm implement* or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads." [Emphasis added.]

Jerome and Richard assert that the 1973 pickup constitutes a "farm implement" exempting it from the motor vehicle exclusion under the policy. Milbank asserts that motor vehicles are unambiguously excluded from coverage under the policy and that the 1973 pickup cannot fall under the category of "farm implement" which would exempt it from that exclusion.

■ An ambiguity exists when good arguments can be made for either of two contrary positions as to the meaning of the term in a document. *Grove v. Charbonneau Buick-Pontiac, Inc.*, 240 N.W.2d 853 (N.D.1976). When a clause or term in a contract is ambiguous, it may be construed with reference to the circumstances under which the contract was made. *Kruger v. Soreide*, 246 N.W.2d 764 (N.D.1976). The determination of whether or not a contract is clear and unambiguous is a question of law for the court to decide. *Schulz v. Hauck*, 312 N.W.2d 360 (N.D.1981). On appeal, this Court will independently review the contract to determine whether or not the trial court erred in its determination of whether or not the contract is ambiguous.

The term "implement" is defined, in relevant part, in Webster's New World Dictionary (2d Ed.1980) as "any article or device used or needed in a given activity." The pickup was purchased and owned by Jerome for use on the family farm and it was depreciated by Jerome on his income tax filings as an expense of the farming operation. Although prior to the accident Richard often used the pickup for his own nonfarm purposes, Jerome had instructed Richard that the farm partnership had priority use of the pickup.

The California Appellate Court in *Lopp v. Lopp*, 198 Cal.App.2d 474, 18 Cal.Rptr. 338 (1961), held that a pickup truck was an "implement" within the terms of a statute exempting from execution the tools or "implements" of a mechanic or artisan necessary to carry on his trade. Although the facts of that case are distinguishable from those in the instant case, *Lopp, supra,* is authority for the assertion that the term "implement" can encompass a vehicle, or, more specifically, a pickup.

Consequently, we believe that good arguments can be made for either including or excluding the 1973 Chevrolet pickup from the classification of "farm implement" under the policy issued by Milbank to Jerome. We conclude, therefore, that the trial court did not err in determining that the contract was ambiguous, in allowing extrinsic evidence of the parties' intent, or in submitting the issue to the jury. In *Milbank Mutual Insurance Company v. Dairyland Insurance Company*, 373 N.W.2d 888 (N.D.1985), we concluded that registered motor vehicles were unambiguously excluded from coverage under a similar Milbank farm liability policy. However, in *Dairyland, supra,* unlike this case, the insured did not claim any "farm implement" exception under the policy. Accordingly, that provision under the policy was not at issue and thus not considered by this Court.

In this case, Jerome testified that he understood that the pickup would be covered under the farm policy as a result of the following advocacy of the policy by Hout:

> "A. ... he said we need insurance now to cover you and it's a better policy because it covers everything. If a dog come on your place, if a man come on your place, if you was going to the field or back; and they didn't say nothing about pickups. I said you got to take a pickup or a truck to the field to get there and back and he said hired men, a hired man was insured."

Regarding Hout's conversation with Jerome about the attributes of the farm policy, Hout, while testifying, was asked, "Did you talk about hired men going to the fields?" to which he responded, "I don't remember if I did."

When an ambiguity exists, if one interpretation of the policy language will impose liability on the insurer and the other will not, the interpretation favorable to the insured will be adopted. *See Corwin Chrysler-Plymouth v. Westchester Fire Insurance Company*, 279 N.W.2d 638 (N.D.1979); *Mills v. Agrichemical Avia-*

*tion, Inc.,* 250 N.W.2d 663 (N.D.1977); *Haugen v. Auto-Owners Insurance Company of Lansing,* 191 N.W.2d 274 (N.D. 1971). *See also* Section 9–07–19, N.D.C.C.

Having reviewed the record, including the farm policy provisions and the testimony relative to those provisions, we conclude that there was substantial evidence to support the jury's finding that the policy did provide liability coverage for the January 1981 accident involving Jerome's 1973 Chevrolet pickup. The ambiguity in the policy created a question of coverage which the factfinder resolved in favor of the insured, and that resolution is consistent with our recognized rule of interpretation that ambiguities are to be construed, if at all possible, in favor of the insured.

The judgment of liability against Milbank and Hout based upon the Heitkamps' theories of negligence was entered as an "alternative" judgment to be applied if the judgment based upon contract was set aside. Having affirmed the judgment of liability against Milbank on the farm liability policy, it is unnecessary for this Court to discuss the negligence issues raised by Milbank and Hout.

In accordance with this opinion, the judgment of the district court is affirmed.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.