John KIRKLAND and Cleo Kirkland, Plaintiffs and Appellees,

v.

Duane D. OBERQUELL; Sidney Design Construction, Inc.; Great Plains Supply Company of Watford City, North Dakota, and Great Plains Supply Company of Sidney, Montana; Anderson Lumber Company; and Bernard J. Connor, d/b/a Connor Masonry, Defendants,

and

Cooperative Supply Co., Inc.; Watford City Ready-Mix, Inc.; Craig Nelson, d/b/a Nelson Contracting Co., Defendants and Appellants.

Civ. No. 11282.

Supreme Court of North Dakota.

April 29, 1987.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, and William L. Strate, Watford City, for plaintiffs and appellees; argued by Paul W. Jacobson.

Kent Morrow, Watford City, for defendants Duane D. Oberquell, Sidney Design Const., Inc., and Bernard J. Connor, d/b/a Connor Masonry.

F. Leslie Forsgren, Crosby, for defendant Anderson Lumber Co.

Harms & Leier, Williston, for defendants and appellants; argued by Robert W. Harms.

MESCHKE, Justice.

Craig Nelson, d/b/a Nelson Contracting Co., Cooperative Supply Co., Inc., and Watford City Ready-Mix, Inc. (hereafter collectively "these subcontractors") appealed from a judgment voiding their mechanic's liens on real estate owned by John and Cleo Kirkland and dismissing their claims against the Kirklands arising out of construction of a home. We affirm.

John Kirkland hired Sidney Design Construction, Inc. to replace the basement and to add a family room, new kitchen, and garage to the Kirklands' home. The written agreement provided, in relevant part:

"I. The design and demolition of existing Basement and footings. To include lifting of building, temporary hookups of all services, the construction of a new foundation, footings and reset house on new foundation.

"II. Add family room and new kitchen and garage on house, at estimated value of Fourty [sic] five thousand dollars,

*$45,000.00.* Actual cost to be determined on completion of working drawings.

\*   \*   \*   \*   \*   \*

"Phase II

\*   \*   \*   \*   \*   \*

"B. Upon completion of construction drawings the Contractor will negotiate with the owner the construction price for Phase Two (2) prior to initiating construction."

Sidney Design began construction and contracted with various suppliers and subcontractors, including these subcontractors. After the Kirklands had paid $51,011.76 and before construction was complete, Sidney Design abandoned the project and became bankrupt.

Unpaid suppliers and subcontractors served notices of intention to file mechanic's liens on the property. The Kirklands sued to void the mechanic's liens. Cooperative Supply counterclaimed to establish a lien on the property for $17,570.55; Ready-Mix counterclaimed to establish a lien for $9,746.81; and Nelson counterclaimed to establish a lien for $2,030.00. After trial, the trial court allowed Cooperative Supply and Ready-Mix to amend their pleadings to include claims for unjust enrichment.

Relying principally upon John Kirkland's testimony and a view of the premises, the trial court determined: (1) the parties did not agree to a price for Phase II different from the $45,000 estimated in the contract; (2) the subcontractors contracted with Sidney Design and had no contracts with the Kirklands; (3) John Kirkland did not agree to pay unpaid accounts of subcontractors beyond payments he made to Sidney Design; (4) Sidney Design failed to construct various items of the project in a workmanlike manner; (5) after Sidney Design abandoned the project, the Kirklands incurred costs of $84,524.21 in completing the project; and

"At the time Sidney Design abandoned the Kirkland project, the project was much less than 50 percent complete. None of the remodeling of the original house was done; the basement was merely roughed in without stairs in, door and windows were opened to the outdoors. The new addition and garage were similarly left in a roughed-in form, numerous windows were not installed and a patio door was unenclosed, partially covered with a sheet of plywood. No plumbing, electrical or mechanical work was completed other than temporary hookups used during construction. Value of the improvements provided by Sidney Design up to October 27, 1982 did not amount to $51,011.76, particularly when the items of poor workmanship were taken into account...."

The trial court concluded:

"That the mechanic's liens of the defendants Coop Supply, Inc., Watford City Ready Mix, Craig Nelson d/b/a Nelson Contracting Company ... are null and void as the Kirklands have paid the full price or value of the contributions provided on their home by Sidney Design and therefore the mechanic's liens asserted by these defendants are invalid pursuant to Sec. 35–27–02 of the NDCC. That the claim of the defendants Cooperative Supply, Inc., and Watford City Ready Mix, Inc., or either, that the plaintiffs knew of and consented to the furnishing aforementioned materials by these companies have caused the plaintiffs to be unjustly enriched is unfounded.... The Court finds that the plaintiffs have not been enriched because the value of the work completed on the project amounts to approximately $51,000.00 which is the amount that plaintiffs have paid the defendant Sidney Design...."

The judgment voided the mechanic's liens filed by Nelson, Cooperative Supply, and Ready-Mix and dismissed their claims against the Kirklands. On appeal, these subcontractors contend that the trial court's findings of fact are clearly erroneous, the trial court erred in its interpretation of the construction contract, erred in its application of the mechanic's lien statute, and erred in failing to find that Cooperative Supply and Ready-Mix were entitled to judgment on the basis of implied contract.

■ Our attention has not been drawn to any evidence leaving us with a definite and firm conviction that a mistake has been made in the findings of fact. The findings are, therefore, not clearly erroneous. We find no error in the trial court's interpretation of the construction contract. Our conclusion that the trial court's findings of fact are not clearly erroneous disposes of the assertion that Cooperative Supply and Ready-Mix were entitled to judgment on the basis of implied contract.

■ The only remaining issue is whether the trial court correctly applied the mechanic's lien statute. As amended in 1973 (S.L.1973, ch. 273, § 1), 1975 (S.L.1975, ch. 303, § 1), and 1979 (S.L.1979, ch. 385, § 1), § 35–27–02, N.D.C.C., now provides, in relevant part:

"*35–27–02. Persons entitled to mechanic's lien.* Any person who improves real estate by the contribution of labor, skill, or materials, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, shall have a lien upon the improvement and upon the land on which it is situated or to which it may be removed for the price or value of such contribution. *Provided, however, that the amount of the lien shall only be for the difference between the price paid by the owner or agent and the price or value of the contribution. If the owner or agent has paid the full price or value of the contribution, no lien shall be allowed....*" (Emphasis shows amendment).

The trial court found that the Kirklands had paid the full value of the improvements. Because the Kirklands had, therefore, paid the full value of the contributions of these subcontractors, the trial court correctly applied § 35–27–02, N.D. C.C., in holding that the liens filed by these subcontractors were void.

The judgment is affirmed.

ERICKSTAD, C.J., LEVINE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.