*2002 ND 13*

**William BENDER, assignee of Basic Concrete, Inc., Plaintiff and Appellant**

v.

**AVIKO USA L.L.C.; f/k/a American Prairie Foods, L.L.C., Defendant and Appellee.**

**No. 20010162.**

Supreme Court of North Dakota.

Jan. 18, 2002.

Rehearing Denied Feb. 26, 2002.

Jeffrey S. Weikum (argued), Pagel Weikum Law Firm, and William Bender (on brief), pro se, Bismarck, for plaintiff and appellant.

Joseph F. Larson II, Larson Law Firm, Jamestown, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]  William Bender appeals a summary judgment voiding his mechanic's lien. Finding no genuine issue of material fact, we affirm the summary judgment.

I

[¶ 2]  In September of 1995, Aviko USA L.L.C. ("Aviko"), then known as American Prairie Food, L.L.C., contracted with Lindberg Brothers, Inc. ("Lindberg") for the construction of a potato plant in Jamestown.  In turn, Lindberg entered into a subcontract with Basic Concrete, Inc. ("Basic Concrete") for foundation work on the plant.  Basic Concrete was to be paid $58,895 for its work.

[¶ 3]  After various delays, Basic Concrete submitted a bill for $82,354.58 to Lindberg.  Basic Concrete then made a general assignment of all rights to the collection, proceeds, and residue of the bill to Bender.  Bender, as assignee, filed a mechanic's lien on the Aviko property.  On July 1, 1998, Bender sued for relief on his mechanic's lien.  In the interim, Aviko and Lindberg entered into a release agreement in which Lindberg agreed Aviko had paid in full for all the work done in connection with the project.  Aviko moved for summary judgment, arguing the payment to Lindberg and the release satisfied the mechanic's lien statutory provision that "[i]f the owner or agent has paid the full price or value of the contribution, no lien is allowed."  N.D.C.C. § 35–27–02.  The trial court determined the lien filed by Bender was void, and granted Aviko's motion for summary judgment.  Bender has appealed.

II

[¶ 4]  We review this appeal under our standard for summary judgment, which promptly resolves a controversy on the merits without a trial, if the evidence demonstrates the nonexistence of a genuine issue of material fact, or inferences to be drawn from undisputed material, and if the evidence shows a party is entitled to judgment as a matter of law. N.D.R.Civ.P. 56(c); *Fetch v. Quam,* 2001 ND 48, ¶ 8, 623 N.W.2d 357.  Whether a trial judge properly granted summary judgment is a question of law which we review de novo on the entire record. *Fetch,* at ¶ 8. The party seeking summary judgment bears the initial burden of showing no genuine dispute regarding a material fact exists.  *Id.* at ¶ 9. We view the

evidence in the light most favorable to the party opposing the summary judgment motion. *Id.* at ¶ 8. The opposing party, however, may not simply rely on unsupported and conclusory allegations or denials in the pleadings. Instead, the party must set forth specific facts illustrating there is a genuine issue for trial. N.D.R.Civ.P. 56(e).

[¶ 5] In this case the issue is whether Aviko has paid the full price for the work, thereby rendering Bender's mechanic's lien void. *See Kirkland v. Oberquell,* 405 N.W.2d 21, 23 (N.D.1987). In support of its summary judgment motion, Aviko submitted a release agreement in which Lindberg acknowledged Aviko had paid in full for all the work Lindberg was contracted to perform. Also in support of its motion for summary judgment, Aviko submitted an affidavit from C. Alan Lindberg, president of Lindberg, in which he values Basic Concrete's contribution and the amount paid by Lindberg to Basic Concrete, and states Basic Concrete had been paid more than the full value of its contribution. Consistent with the release agreement, the affidavit also states Lindberg has been paid in full under its contract with Aviko.

[¶ 6] In response to Aviko's motion, Bender has not produced any factual evidence, in affidavit form or otherwise, which disputes these statements. He has not questioned, through evidentiary support of his own, the authenticity of the release agreement and its contents or the statements made in C. Alan Lindberg's affidavit. Bender has simply maintained he is statutorily entitled to a mechanic's lien. Bender's failure to set forth specific facts illustrating the existence of a genuine issue for trial requires the imposition of summary judgment against him.

### III

[¶ 7] Because Bender was unable to set forth any specific facts illustrating the existence of a genuine issue for trial, and because Aviko is entitled to judgment under N.D.C.C. § 35–27–02 and *Kirkland,* 405 N.W.2d at 23, the trial court did not err in voiding Bender's mechanic's lien. We affirm the summary judgment.

[¶ 8] VANDE WALLE, C.J., MARING, NEUMANN, JJ., and JOHN C. McCLINTOCK, Jr., District Judge, concur.

[¶ 9] The Honorable JOHN C. McCLINTOCK, Jr., District Judge, sitting in place of SANDSTROM, J., disqualified.