2015 ND 272

Timothy **HUETHER** and TK Huether Farms, Plaintiff and Appellant

v.

**NODAK MUTUAL INSURANCE COMPANY,** Defendant and Appellee.

No. 20150161.

Supreme Court of North Dakota.

Dec. 1, 2015.

Fallon M. Kelly, Lisbon, ND, for plaintiff and appellant.

Mark R. Western (argued) and William P. Harrie (on brief), Fargo, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Timothy Huether appeals from a district court summary judgment dismissing his insurance claim against Nodak Mutual Insurance Company, "Nodak Mutual." Huether argues the district court erred in granting summary judgment for Nodak Mutual because it misinterpreted the terms of the insurance policy. We affirm.

I

[¶ 2] Huether contracted with Nodak Mutual to provide insurance coverage for his house, buildings and structures on his farm. The coverage was under Nodak Mutual's Farm and Ranch Policy. The Farm and Ranch Policy did not provide insurance coverage for grain dryers.

Huether added an equipment endorsement insuring his agricultural equipment, which included a grain handler dryer. A fire destroyed the grain handler dryer, fans and parts. Nodak Mutual's agricultural endorsement provided coverage for "direct physical loss or damage caused by perils 1 through 10." Huether's Farm and Ranch Policy listed fire as Peril 1.

[¶ 3] Damage from fire was a "direct physical loss or damage" and Nodak Mutual paid Huether $278,187.44 for damage to the grain dryer, control room and grain handling equipment. Huether does not contest the coverage or payment for those items, but claims an additional $82,954.77 in expenses for transporting to and drying his crops at other grain drying facilities. Nodak Mutual denied Huether's claim because the agricultural equipment endorsement covered "direct physical loss or damage" and did not cover loss-of-use. Huether sued Nodak Mutual seeking damages for the denied claim. The district court found Huether's claim was not covered under the policy and granted summary judgment in favor of Nodak Mutual. Huether appealed.

## II

[¶ 4] This Court's review of a summary judgment is well established:

"In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judg-

ment is a question of law which we review de novo on the entire record." *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting *Wenco v. EOG Resources, Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701) (internal citation omitted).

## III

[¶ 5] Huether argues the "direct physical loss or damage" language in the agricultural equipment endorsement included expenses for transporting to and drying his crops at other grain drying facilities. Neither the Farm and Ranch Policy nor the equipment endorsement define the scope of coverage for "direct physical loss or damage." The equipment endorsement contains exclusions and limitations of coverage but it does not address whether coverage exists for the loss-of-use expenses Huether seeks. Huether alleges that, without a definition, the "direct physical loss or damage" term in the endorsement contract is either ambiguous or it should be read to incorporate the defined term of "Property Damage." The Farm and Ranch Policy defines "Property Damage" as injury to or destruction of tangible property including loss-of-use.

[¶ 6] When interpreting a contract, a court first looks "to its language and, if the intent is apparent from its face, there is no room for construction." *Stuhlmiller v. Nodak Mut. Ins. Co.*, 475 N.W.2d 136, 138 (N.D.1991). Insurance policy terms "should be construed to mean what a reasonable person in the position of the insured would think it meant," and "any ambiguity or reasonable doubt as to the meaning of an insurance policy is strictly construed against the insurer and in favor of the insured." *Fisher v. American Family Mut. Ins. Co.*, 1998 ND 109, ¶ 6, 579 N.W.2d 599 (internal citations omitted). The district court found that "direct physical loss or damage" is not ambiguous as a

matter of law and that the policy did not cover loss-of-use.

[¶ 7] The district court rejected Huether's argument that the defined "Property Damage" term is applicable to "direct physical loss or damage." The district court noted that defined terms such as "Property Damage" appear in quotation marks, presumably to signal an intent to use the defined term. The district court reasoned Nodak Mutual would have drafted the endorsement to cover against "direct physical loss or 'Property Damage' " if it intended to use the defined term of "Property Damage."

[¶ 8] If coverage depends on an undefined term, courts must apply the plain, ordinary meaning of the term when interpreting the contract. N.D.C.C. § 9-07-09; *Martin v. Allianz Life Ins. Co.*, 1998 ND 8, ¶ 9, 573 N.W.2d 823. The district court found "direct physical loss or damage" did not include coverage for the added expenses Huether incurred while his grain dryer was damaged. The district court stated:

> "A 'direct' loss or damage is one that flows immediately and naturally from the causal event, in this case the fire. The plain meaning of the word 'direct' indicates an exclusion of damages that are not 'direct,' such as the indirect, loss of use damages claimed here.... The plain meaning of 'physical' as used here means material or tangible, as opposed to intangible, economic, or lost profits damages. Huether's added expenses of drying his crops at other grain drying facilities are neither direct nor physical damages, and thus are not 'direct physical loss or damages' caused by the fire...."

[¶ 9] Because "direct physical loss" is undefined in Huether's policy, the court applied the ordinary meaning of the phrase. "The ordinary meaning is the def-inition a nonlaw-trained person would attach to the term." *Martin*, at ¶ 12. The court will not strain the definition of an undefined term to provide coverage for the insured. *Id.* at ¶ 9. A party may not select words or phrases in order to create uncertainty as to the insurance contract's construction. *Thompson v. Nodak Mut. Ins. Co.*, 466 N.W.2d 115, 117 (N.D.1991).

[¶ 10] The district court used the ordinary meaning of the terms "direct" and "physical" to find Huether's costs of transporting and drying grain did not qualify as the type of loss or damage directly caused by the risk insured against. Viewing the evidence in the light most favorable to the non-moving party and giving it the benefit of all favorable inferences, the district court did not err. Huether failed to show a genuine issue of material fact and Nodak Mutual was entitled to judgment as a matter of law.

## IV

[¶ 11] Huether argues the "doctrine of contract of adhesion" applies in this case and alleges even "when both parties to a contract contend that contractual provisions are unambiguous, but that their legal effect as a matter of law supports their contrary interpretations, the parties together necessarily raise an ambiguity issue." *Kief Farmers Co-op. Elevator v. Farmland Mut. Ins. Co.*, 534 N.W.2d 28, 32 n. 2 (N.D.1995) (citing *Johnson v. Mineral Estate, Inc.*, 343 N.W.2d 778 (N.D.1984)). This Court has restricted application of the doctrine to apply only to ambiguous policies. *Continental Cas. Co. v. Kinsey*, 499 N.W.2d 574, 577–78 (N.D. 1993). Because the district court did not err in finding the language unambiguous, the doctrine of contract of adhesion does not apply here.

[¶ 12] Huether also argues the "reasonable expectations doctrine" applies. "This Court has expressly declined to adopt the doctrine of reasonable expectations. Additionally, this Court would have to determine the language of the policy is sufficiently ambiguous in order to apply the doctrine." *Nationwide Mut. Companies v. Lagodinski,* 2004 ND 147, ¶ 31, 683 N.W.2d 903 (internal citations omitted). The district court specifically declined to find, and Huether failed to establish, this insurance contract is ambiguous. Because the district court did not err, this argument need not be further addressed.

V

[¶ 13] The district court's order is supported by undisputed facts and law. We affirm the summary judgment.

[¶ 14] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.